# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANGELA GAIL MCANALLY,<br>　　　　　　　　Plaintiff,<br>　vs.<br>ANDREW SAUL,<br>Commissioner of Social Security,<br>　　　　　　　　Defendant. | Case No. 4:18-cv-00027-TMB |

## ORDER AWARDING ATTORNEY'S FEES
## PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. §2412

Plaintiff Angela Gail McAnally, by her attorney, Edward A. Wicklund, moves the Court for an award to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] Defendant Andrew Saul (the "Commissioner") opposes this request.[2] Accordingly, and for the reasons that follow, Plaintiff's Motion for Attorney's Fees is **GRANTED** in part and **DENIED** in part.

Ms. McAnally initiated this action on July 24, 2018 after exhausting her administrative remedies.[3] On July 19, 2019 and July 22, 2019, the Court vacated the Commissioner's final decision and remanded for further administrative proceedings consistent with its decision.[4] Ms. McAnally filed the pending Motion for Attorney Fees on

---

[1] Dockets 24, 25, 27.

[2] Docket 26 (Def.'s Response).

[3] Docket 1 (Compl.).

[4] Dockets 22, 23 (Order and Judgment).

October 17, 2019,[5] the Commissioner responded on October 29, 2019,[6] and Ms. McAnally filed a Reply on November 5, 2019.[7] The Commissioner alleges that its position was substantially justified and that Ms. McAnally's attorney's fees request was unreasonable.[8]

*1. The Commissioner's position was not substantially justified.*

In this case, the vocational expert opined that Ms. McAnally could perform the positions of basket filler (DOT 529.687-010), requiring frequent handling, and egg candler (DOT 529.687-074), requiring constant fingering and handling, with one hand and an assist with the other hand.[9] In his written decision, the ALJ then determined that the vocational expert's testimony was consistent with the information in the Dictionary of Occupational Titles ("DOT") without further discussion.[10]

Pursuant to Social Security Ruling ("SSR") 00–4p, an ALJ has an affirmative responsibility to provide a reasonable explanation for a conflict between the vocational expert's testimony and the DOT. When vocational evidence provided by a vocational expert is not consistent with information in the DOT, the adjudicator must resolve this

---

[5] Docket 24.

[6] Docket 26.

[7] Docket 27.

[8] Docket 26. *See Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir. 2001) ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust.").

[9] A.R. 86–91.

[10] A.R. 26–27.

conflict before relying on the vocational expert's evidence.[11] Other district courts have concluded that while "the DOT does not explicitly state that the job of egg candler [DOT 529.687–074] requires the use of both hands, the DOT does indicate that an egg candler packs eggs in cartons and may break substandard eggs in container, which generally requires the use of both hands" and "[t]his evidence calls into question the VE's testimony that egg candling can be performed with only one hand."[12] For the reasons above, the position of the Commissioner was not substantially justified.[13]

---

[11] SSR 00-4p, *available at* 2000 WL 1898704 at *4. *See also Massachi v. Astrue,* 486 F.3d 1149, 1152 (9th Cir.2007) ("[W]e address the question whether, in light of the requirements of SSR 00–4p, and ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. We hold than an ALJ may not."). As stated by the Ninth Circuit, "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Id.* at 1153 (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995)); *see also Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir.2001) ("We merely hold that in order for an ALJ to rely on a description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.").

[12] *Aquino v. Astrue,* No. C11-6031-RSM-MAT, 2012 WL 3279526, at *7 (W.D. Wash. July 9, 2012), *report and recommendation adopted*, No. C11-6031-RSM, 2012 WL 3357392 (W.D. Wash. Aug. 9, 2012); *Tracy v. Berryhill,* No. 3:17-cv-00470, 2018 WL 1100392, at *7 (M.D. Pa. Feb. 5, 2018) ("Mr. Tracey is correct that more than occasional use of his upper right extremity would be required [for the position of egg candler], according to the DOT definitions.").

[13] Under the Act, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was "substantially justified." *Flores v. Shalala,* 49 F.3d 562, 568–69 (9th Cir.1995). The Commissioner is "substantially justified" if his position met "the traditional reasonableness standard—that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Corbin,* 149 F.3d at 1052, quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Shafer v. Astrue,* 518 F.3d 1067, 1071 (9th Cir. 2008) ("the district court should have determined whether the government was substantially justified in defending the ALJ's procedural errors."). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2, 108 S.Ct. 2541.

*2. Ms. McAnally's requested attorney fees are reduced to account for the inclusion of time spent on clerical tasks.*

Ms. McAnally requests $6,326.24 in attorney fees and $610.00 in paralegal fees for a total of $6,936.24 in fees for work performed in 2018 and 2019.[14] Separately and additionally, Ms. McAnally requests fees for attorney time spent in 2019 preparing her reply brief in the amount of 3.5 hours at $201.60/hour (2018 rate) for an additional amount of $705.60 and a total of $7,641.48 in fees ($6,936.24 + $705.60) and $16.26 for expenses.[15] The Commissioner alleges that several paralegal and attorney tasks were primarily clerical in nature, specifically:

> 7/23/18 FDC prospect packet prepared for client completion for 0.6 hour (at paralegal rate);
>
> 7/23/18 FDC prospect packet returned via Right Signature for execution for 0.3 hour (at paralegal rate);
>
> 7/26/18 Review unissued summons for 0.1 hour (at attorney rate);
>
> 8/16/18 Note summons issued for 0.1 hour (at attorney rate); and
>
> 8/16/18 Note order directing service & response granting motion for leave to proceed IFP for 0.1 hour (at attorney rate).[16]

Ms. McAnally asserts that the tasks objected to by the Commissioner were not clerical in the context of EAJA litigation. She argues that the disputed tasks were a

---

[14] Docket 25 at 2.

[15] Docket 27 at 3–4.

[16] Docket 26 at 8.

necessary part of litigation and compensable.[17]

An award of attorney's fees to a prevailing party under the EAJA must be reasonable.[18] The court has an independent duty to review the reasonableness of the fee request and the amount of the fee award must be determined based on the facts of each case.[19] The fee applicant must document the appropriate hours expended in the litigation and submit evidence in support of those hours worked.[20] "Reviewing procedural orders, all of which pertain to the progress of the case, is one of the ways to stay current."[21] Clerical tasks are disallowed from EAJA fee awards as they should be subsumed in firm overhead rather than billed at paralegal rates.[22] Time spent by an attorney on clerical work may also be reduced in an EAJA fee award.[23] The party opposing the fee bears the burden of rebuttal, including submitting evidence to challenge the accuracy and reasonableness of the hours charged.[24]

---

[17] Docket 27 at 4.

[18] 28 U.S.C. § 2412(d)(1)(A).

[19] *Hensley v. Eckerhart,* 461 U.S. 424, 429–33 (1983); *Costa v. Comm'r Soc. Sec. Admin.,* 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008).

[20] *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013).

[21] *Quade ex rel. Quade v. Barnhart,* 570 F.Supp.2d 1168 (D. Ariz. 2008).

[22] *Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009).

[23] *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989) (Non-legal work "is not enhanced just because a lawyer does it.") (internal citation omitted); *Neil v. Comm'r Soc. Sec. Admin.,* 495 Fed.Appx. 845, 847 (9th Cir. 2012) (affirming a reduction of fees for "purely clerical tasks such as filing documents and preparing and serving summons.").

[24] *Gates v. Deukmejian,* 987 F.2d 1392, 1397–98 (9th Cir. 1992).

The Court finds the following tasks performed by Ms. McAnally's attorney to be primarily clerical in nature:

7/26/18 Review unissued summons for 0.1 hour (at attorney rate);

8/16/18 Note summons issued for 0.1 hour (at attorney rate); and

8/16/18 Note order directing service & response granting motion for leave to proceed IFP for 0.1 hour (at attorney rate).[25]

Accordingly, 0.3 hours are deducted from Ms. McAnally's requested 2018 attorney fees in the amount of $60.48 (0.3 x $201.60) for a reduction of 2018 attorney fees to $6,265.76 ($6,326.24 - $60.48). The paralegal fees remain the same at $610.00. Ms. McAnally's additional request of 3.5 hours of attorney time for the preparation of the EAJA reply is calculated at the 2019 rate of $204.25 for a total of $714.88 (3.5 x $204.25), as all work was commenced and completed in November 2019.[26] In summary, the Court finds that Ms. McAnally is entitled to a fee award of $7,590.64 ($6,265.76 + $610.00 + $714.88) plus $16.26 for reimbursement of expenses.

For the above stated reasons, the Court **GRANTS** in part and **DENYS** in part Ms. McAnally's Motion for Attorney's Fees, filed at Docket 25. Ms. McAnally is awarded

---

[25] Docket 25-2 at 2.

[26] Docket 27 at 4 (requesting 3.5 hours at 2018 attorney rate of $201.60/hour). Although Ms. McAnally requested additional attorney fees at the 2018 attorney rate, the Court considers the previous period as the first half of 2019 for the work performed on Ms. McAnally's reply brief in November 2019. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited on November 8, 2019) (For work performed in the first half of 2019, the rate is posted as $204.25. The website also notes that "[i]f no rate is posted for the period in which your work was performed, please use the rate that is posted for the previous period."); *see also Comm'r, INS v. Jean,* 496 U.S. 154, 163 (1990) (A district court has "substantial discretion in fixing the amount of an EAJA award.").

**$7,590.64** for paralegal and attorney fees, and expenses and costs in the amount of **$16.26**. Consistent with *Astrue v. Ratliff,*[27] this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

    Dated at Anchorage, Alaska, this 20th day of November 2019.

                                               /s/ Timothy M. Burgess
                                               TIMOTHY M. BURGESS
                                               UNITED STATES DISTRICT JUDGE

---

[27] 560 U.S. 586 (2000).